**HIRSCHKOP & GRAD, P.C., Appellee,**

v.

**Arthur ROBINSON, Laurelee Robinson, Appellants.**

**HIRSCHKOP & GRAD, P.C., Appellant,**

v.

**Arthur ROBINSON, Laurelee Robinson, Appellees.**

Nos. 84–1143, 84–1193.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 6, 1984.

Decided March 27, 1985.

Rehearing Denied April 17, 1985.

Bernard J. DiMuro, Alexandria, Va. (Philip J. Hirschkop, Hirschkop & Grad, P.C., Alexandria, Va., on brief), for appellant/cross-appellee.

Allen H. Sachsel, Falls Church, Va. (Stephen A. Armstrong, Falls Church, Va., on brief), for appellees/cross-appellants.

Before WINTER, Chief Judge, HALL and ERVIN, Circuit Judges.

K.K. HALL, Circuit Judge:

In this diversity action, Hirschkop and Grad, P.C., a Virginia law firm, appeals from an order of the district court denying it attorney's fees and lost profits in its breach of contract action against Arthur and Laurelee Robinson (the Robinsons), residents and citizens of Oregon. The Robinsons cross-appeal from the district court's order declaring default judgment against them. We affirm.

## I.

Hirschkop and Grad represented the Robinsons from 1980 until February, 1983, in litigation in the state courts of California against the Linus Pauling Institute and others connected with the Pauling Institute. In February, 1983, Hirschkop and Grad settled all of the Robinsons' cases for $575,000 to be paid over a sixteen-month period.

Hirschkop and Grad claims that to facilitate this settlement, it agreed to accept a reduced fee from the Robinsons and to release the Robinsons as to the full fee owed counsel. The law firm further claims that the Robinsons agreed to execute releases regarding any claims they might have against the firm arising out of the Pauling Institute cases. According to Hirschkop and Grad, the parties also agreed to execute the necessary papers to appoint a third-party fiduciary who would accept the monthly settlement checks and forward the respective shares of the proceeds over the sixteen-month period. The Robinsons deny reaching any agreement to release Hirschkop and Grad. The Robinsons did, however, make payments to the law firm until July, 1983.

On July 8, 1983, the Robinsons filed a malpractice action in California against Hirschkop and Grad and two of its attorneys, arising out of their representation of the Robinsons in the Pauling Institute litigation. The Robinsons alleged, in part, that prior to trial of the Pauling Institute litigation, Phillip Hirschkop, a partner of the law firm, improperly threatened to withdraw from the Pauling Institute cases unless he were paid $170,000. The Robinsons claimed that they settled the litigation for $575,000 because of the untenable situation in which this placed them.

Shortly thereafter, in August, 1983, Hirschkop and Grad instituted the present action against the Robinsons in federal district court sitting in Virginia. The complaint sought declaratory and injunctive relief against the Robinsons, as well as damages. It alleged breach of contract and fraud, arising out of the Robinsons' failure to abide by the alleged release agreement and the alleged agreement to create a fiduciary account. The law firm sought personal jurisdiction over the Robinsons under Virginia's long-arm statute. It mailed the Robinsons a copy of the complaint by certified mail and served the Secretary of the Commonwealth of Virginia with a copy of the action. The Secretary of the Commonwealth also sent the Robinsons a copy by certified mail. When the Robinsons failed to respond, Hirschkop and Grad moved for default judgment.

An evidentiary hearing was held at which Arthur Robinson testified. Accord-

ing to Robinson, he had not picked up the certified letters mailed to him from Virginia because he had been advised by his California counsel to forward to the attorney any mail which could have contained harassing communications from Hirschkop and Grad. Following the hearing, the district court found that it had personal jurisdiction over the Robinsons and ordered entry of default judgment against them.

The district court further found that Hirschkop and Grad had rendered legal services to the Robinsons and that the Robinsons had agreed to compensate the law firm for those services. Taking the factual allegations contained in Hirschkop and Grad's complaint as true, the district court declared that the contract between the parties pertaining to the payment of attorney's fees and the release of the law firm from liability was valid. The court awarded Hirschkop and Grad the payments, plus interest, due the law firm out of the Pauling Institute payments to the Robinsons, and it ordered the Robinsons to establish a trust for future Pauling Institute payments. The district court awarded costs of $2,846.19 against the Robinsons, but denied the law firm's request for additional attorney's fees and lost profits arising out of its defense of the California malpractice action.

Hirschkop and Grad and the Robinsons both moved for reconsideration. Hirschkop and Grad sought reconsideration of the district court's denial of attorney's fees and lost profits. The Robinsons moved to have the default judgment vacated or, in the alternative, to have the judgment altered or amended to delete the declaratory relief which they contended decided rights already being litigated between the same parties in the California state courts. The district court denied both motions. This appeal and cross-appeal followed.

## II.

On appeal, Hirschkop and Grad maintains that the district court erred in deny-

ing its request for attorney's fees and lost profits. The Robinsons, on cross-appeal, assert that the district court erred in finding *in personam* jurisdiction over them under Virginia's long-arm statute, in concluding that they were validly served with process,[1] in entering default judgment against them, and in entertaining this action in light of the pending California litigation. We agree with the district court's disposition of all of these claims.

■ In denying Hirschkop and Grad's motion for reconsideration of the denial of attorney's fees and lost profits, the district court stated:

[T]here is no reason for me to even approach an award of attorney's fees or lost profits ... in this case. First, the damages are uncertain because the California action has not been concluded. And secondly, Hirschkop and Grad can raise its fee argument in the California court. If the California court determines that the release agreement contained in the contract is enforceable, it can then address plaintiff's fee arguments. So, any decision by me would be both premature and unnecessary.

The district court explained that it had only "held the agreement valid by default" on which basis "everything pled in the complaint [was] taken for [sic] confessed by the defendant who ignore[d] it...." Thus, the issue of whether there was, in fact, a contract by which the Robinsons agreed to release the law firm from any liability has not been fully litigated. We conclude that the district court acted properly in rejecting Hirschkop and Grad's claim for attorney's fees and profits, as such an award is dependent on the outcome of the California litigation.

■ We also conclude that the district court correctly found that it had *in personam* jurisdiction over the Robinsons pursu-

---

1. We find meritless the Robinsons' contention that service of process was not valid because no affidavit was filed with the trial court or, alternatively, that the affidavit did not meet the requirements of *Va.Code* § 8.01–329. The Robinsons have waived any objection to the service of process by their failure to raise the issue below.

ant to Virginia's long-arm statute. The Virginia long-arm statute provides, in pertinent part, that "[a] court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's ... [t]ransacting any business in this Commonwealth...." *Va.Code* § 8.01-328.-1(A)(1)(1984). We agree with the district court that the Robinsons' contacts with Virginia were sufficient to constitute the transacting of business in that state, as is required to obtain jurisdiction under the Virginia long-arm statute, and that maintenance of this action does not "offend 'traditional notions of fair play and substantial justice....'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278 (1940) ). Arthur Robinson met with Hirschkop in Virginia to discuss the possibility of Hirschkop and Grad representing the Robinsons in California. The Robinsons then engaged the Virginia law firm to represent them in their California litigation. Disputes concerning that representation were settled via telephone communications between Hirschkop and Grad in Virginia, and the Robinsons, in Oregon. After Hirschkop and Grad had been representing the Robinsons for more than two years in the California case, Arthur Robinson traveled to Virginia to meet with the firm and admittedly discussed the retainer agreement and unpaid fees and costs. Numerous correspondence was exchanged between the law firm, in Virginia, and the Robinsons, in Oregon. Additionally, until July, 1983, the Robinsons mailed checks to Hirschkop and Grad in Virginia to cover costs and attorney's fees. These checks were negotiated at a bank in Virginia.

These circumstances, when considered together, constitute contacts sufficient to satisfy the Virginia long-arm statute. *See Peanut Corp. of America v. Hollywood Brands, Inc.,* 696 F.2d 311 (4th Cir.1982). We hold that the Robinsons' contacts with Virginia were such that to require them to defend their interests in Virginia would not offend due process.

■ We further hold that the district court's entry of the default judgment against the Robinsons was proper. The district court's finding that the Robinsons willfully avoided service is not clearly erroneous. At the evidentiary hearing on this motion, the district court had the opportunity to listen to Arthur Robinson's testimony and judge the credibility of his claim that he did not intentionally avoid service, but was merely relying upon advice of counsel that he not accept any mail from Hirschkop and Grad. The testimony of Robinson was sufficient to establish that he knew of the lawsuit pending in Virginia on approximately August 15, 1983. Robinson's testimony also indicates that he believed that service was not valid unless personally served. However, when Robinson received notice on August 16, 1983, that certified letters from Virginia were waiting for him at the post office, he did not pick them up but, instead, mailed the receipts to his attorney. We find that these facts constitute sufficient evidence upon which the district court could conclude that the Robinsons willfully tried to avoid service.

■ Because the district court's finding that the Robinsons willfully avoided service is not clearly erroneous, we hold that the court did not err in entering default judgment against them. The Robinsons' claim that the default judgment was improper because they had a valid defense is meritless. The issue of whether the Robinsons had released Hirschkop and Grad from any future liability was not relevant to the court's finding that the Robinsons had breached their contract to pay the law firm. The district court provided relief to Hirschkop and Grad only with respect to the Robinsons' failure to pay the law firm for the services the Robinsons had received. The fact that an agreement for such payment existed is evidenced by the fact that the Robinsons made monthly payments to Hirschkop and Grad until they instituted their action in California in July of 1983. Nor did the district court abuse

its discretion in denying the Robinsons' motion to vacate the judgment. No good cause was shown for setting aside the default.

■ Finally, we hold that the district court did not err in entertaining this case in light of the pending California action. Although the question of whether the Robinsons released Hirschkop and Grad is at issue in the California malpractice case, as mentioned previously, this issue was not fully litigated, nor was it relevant to the relief awarded by the district court in the present action.

### III.

For the foregoing reasons, the orders of the district court are affirmed.

AFFIRMED