## CIRCUIT COURT OF FAUQUIER COUNTY

Pearson and Pearson, P.C.

v.

Robert Carroll Morris

October 30, 2000

Case No. (Law) CL00-164

BY JUDGE THOMAS D. HORNE

Plaintiff law firm initiated proceedings in the General District Court of Fauquier County to collect fees for services rendered pursuant to a Retainer Agreement with the Defendant dated May 4, 1999. Any services for which recovery is sought were performed in the Commonwealth. Defendant is a non-resident and executed the Retainer Agreement in Florida. The case was removed from the lower court upon the motion of the Defendant.

The Defendant challenges the jurisdiction of this Court to hear this matter by way of a motion to quash service of process and to dismiss for lack of jurisdiction. Mr. Morris was permitted to argue his motion by telephone upon the papers previously filed with the Court.

Whether this Court has jurisdiction to decide this matter involves a two-step analysis. First, the Court must determine whether the allegations can be reconciled with the requirements of the Virginia Long Arm Statute, § 8.01-328.1, Code of Virginia. The Retainer Agreement that has been pleaded in this case reflects that the services provided by the plaintiff were on behalf of the defendant in connection with the Estate of Elizabeth Crockett. Assuming that the Estate was subject to probate in the Commonwealth, the Court concludes that compliance with the terms of the Long Arm Statute has been demonstrated. Obtaining and acting through counsel in connection with such a matter constitutes "transacting any business in the Commonwealth" within the contemplation of § 8.01-328.1(A)(1), Code of Virginia; *Hirschkop & Grad, P.C. v. Robinson*, 757 F.2d 1499 (4th Cir. 1985).

Defendant contends that *Hirschkop* is distinguishable from the instant case. This Court agrees. Unlike the services rendered by Hirschkop and Grad (a firm with offices in Virginia) for the Robinsons in connection with California litigation, the instant plaintiff was retained to represent the defendant in the Commonwealth and performed legal services in connection with the probate of a Virginia estate. Therefore, it is unnecessary for this Court to look in greater detail at the relationship of the parties, as did the court in *Hirschkop*.

Secondly, the plaintiff satisfies the second step of the jurisdictional analysis, that is the "minimum contacts" requirements of the Due Process Clause of the 14th Amendment. *International Shoe Co. v. Washington*, 326 U.S. 310, 90 L. Ed. 95, 66 S. Ct. 154 (1945). Central to a determination of the due process issue is a finding that the maintenance of this action in Virginia "does not offend traditional notions of fair play and substantial justice." *Peninsula Cruise, Inc. v. New River Yacht Sales*, 257 Va. 315, 321, 512 S.E.2d 560 (1999). It may be expected that the reasonableness of the fees and necessity of the services provided would be subject to review by the courts where such services were provided. States jealously guard their right to regulate and monitor the practice of law. One could likely conclude that should a fee dispute arise as to such services, they might be "haled" before a court where those services were performed. Contrariwise, it is not likely that the parties to this retainer agreement would expect the courts of Florida would be called upon to evaluate the performance of a Virginia attorney when handling a matter in the Commonwealth.

Accordingly, the Court will deny the motion to quash and dismiss and grant to the defendant twenty-one days to file any additional responsive pleadings as he may be advised.